Case 3:10-cv-00188-HDM-VPC   Document 11   Filed 09/10/10   Page 1 of 5



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH KEMP, | |
| Plaintiff, | 3:10-cv-00188-HDM-VPC |
| vs. | **ORDER** |
| ELDON K. McDANIEL, | |
| Defendant. | |

This a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a *pro se* civil rights complaint on February 4, 2010, in the Seventh Judicial District Court of the State of Nevada in and for the County of White Pine. Defendant McDaniel was served with the complaint on March 3, 2010. Defendant filed a Notice of Removal in this Court on April 2, 2010. (Docket #1). "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has alleged violations of his rights under the U.S. Constitution. This Court now reviews the complaint. (Docket #1, Exhibit A).

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

"fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.§ 1915A. Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. The Instant Complaint**

Plaintiff, an inmate at Ely State Prison, brings action against Warden McDaniel. Plaintiff alleges that defendant McDaniel has instituted a policy prohibiting prison law clerks from coming to inmates' housing units and utilizing a "paging system" for requesting items from the prison library. (Complaint, at p. 2). Plaintiff complains that using the paging system, an inmate

must know precisely what case law and legal reference materials he needs in order to make a request. (*Id.*). Plaintiff further complains that the library's paging system is slow. (*Id.*). Plaintiff states that: "Court matters are being injured by Defendant[']s policy as described herein." (*Id.*). In his prayer for relief, plaintiff seeks damages, injunctive relief, declaratory judgment, and costs. (*Id.*).

It appears that plaintiff is alleging a denial of his First Amendment right to access to the courts. A prisoner alleging a violation of his right of access to the courts must have suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351. Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id.* at 354.

In the instant case, plaintiff fails to meet the actual-injury requirement of *Lewis v. Casey*. Rather, plaintiff makes the broad allegation that: "Court matters are being injured by Defendant[']s policy as described herein." (Compl., at p. 2). Plaintiff has not alleged that, because of the library paging system, he has been prevented from filing a non-frivolous legal claim concerning his direct criminal appeal, habeas corpus proceedings, or civil rights action challenging conditions of confinement. The complaint, as it stands, fails to state a cognizable claim for denial of access to the courts. The complaint is therefore dismissed without prejudice and with leave to file an amended complaint. To the extent that plaintiff can allege additional facts to state a cognizable claim under the legal standard articulated in this order, he must include such allegations in his amended complaint.

In filing an amended complaint, plaintiff is informed that an amended complaint

supercedes the original complaint, and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). An amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit.

In addition, the Local Rules of Court require plaintiffs appearing in *pro se*, such as this plaintiff, to file their complaint on the Court's approved form. Local Rules of Special Proceedings 2-1("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court."). The Court will provide plaintiff with the approved form for filing a *pro se* civil rights complaint. Plaintiff shall utilize this form in filing his amended complaint.

Finally, defendant McDaniel has filed a motion for an extension of time to respond to the complaint. (Docket #4). Good cause appearing, the motion is granted. When and if this Court determines that plaintiff presents a cognizable civil rights claim, defendant will be directed to respond to the same.

### III. Conclusion

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED, without prejudice, and with leave to amend.**

**IT IS FURTHER ORDERED** that plaintiff may file an **amended complaint** within **forty-five (45) days** of the date of entry of this order, if he believes that he can cure the defects of the complaint described above. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. If plaintiff does not file an amended complaint, the action may be dismissed.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "**FIRST AMENDED**" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number

1 | **3:10-cv-00188-HDM-VPC** above the words "FIRST AMENDED"in the space for "Case No."

2 |       **IT IS FURTHER ORDERED** that the Clerk shall send plaintiff a blank section 1983 civil rights complaint form, with instructions, along with one copy of the original complaint.

      **IT IS FURTHER ORDERED** that defendant's motion for an extension of time to respond to the complaint (Docket #4) is **GRANTED.**

      DATED this 9th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE